IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 17-CT-30107-SMY |
| vs. | ) | |
| | ) | Title 18, United States Code, Section 1347 |
| HOLLY ADAMS, | ) | |
| Defendant. | | |

## STIPULATION OF FACTS

The attorneys for the United States and the Defendant have engaged in discussions and have stipulated to the following facts to support the plea of guilty in accordance with U.S.S.G. § 6B1.4.

1.      **HOLLY ADAMS** admits that she defrauded the State of Illinois Medicaid Home Services Program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary.  The qualified beneficiary and the personal assistant must sign an Individual Provider Payment Policies form.  The qualified beneficiary must have a Service Plan listing all services to be provided.  In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Program Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2.      The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home.  The Illinois Department of

1

Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily, be covered under Medicaid.

    3.    On January 24, 2015 **ADAMS** signed an Individual Provider Standards form along with a qualified Medicaid beneficiary identified hereafter as S.J. **ADAMS** and S.J. also signed an Individual Provider Payment Policies form. This form stated the following:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers can only be paid for hours and tasks performed in the customer's home unless the task must be completed outside the home such as laundry due to no facilities in the home, banking, and grocery shopping.*

    4.    From on or about April 14, 2016 through on or about August 31, 2016, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **ADAMS** submitted Home Services Program Time Sheets on which she falsely claimed hours of personal assistant services on April 14, 19 and 21 2016, June 20, 21, 25, 26 and 27, 2016, July 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 2016, August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 2016 that were not performed on the dates and times reported on the Home Services Program Time Sheets for S.J. Each time sheet stated: *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

    6.    **HOLLY ADAMS** admits that on various dates from April 14, 2016, through on or about April 21, 2016, in Bond County, within the Southern

2

District of Illinois, she knowingly and willfully executed a scheme to defraud a health care benefit program, affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18, United States Code, Section 1347.

7.     **HOLLY ADAMS** admits that on various dates from June 20, 2016 through on or about August 31, 2016, in Bond County, within the Southern District of Illinois, knowingly and willfully executed a scheme to defraud a health care benefit program, affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18, United States Code, Section 1347.

8.     **Restitution.   HOLLY ADAMS** agrees to pay restitution in the case. The parties have determined that restitution in this case is a total of $1,686.75.

**IT IS SO STIPULATED.**

| | |
|---|---|
| | UNITED STATES OF AMERICA |
| | DONALD S. BOYCE |
| | United States Attorney |

HOLLY ADAMS
Defendant

MICHAEL J. QUINLEY
Assistant United States Attorney

JUDY A. KUENNEKE
Attorney for Defendant

Date: _2/27/18_                       Date: _2/27/2018_

3